IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                          CIV 16-0437 JCH/KBM
                                                                                                                           CR 12-0157 JCH

ABRAN ARMIJO,

       Defendant.


**ORDER DENYING STAY AND ORDERING BRIEFING SCHEDULE**

     THIS MATTER is before the Court on Defendant's Amended Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255 *(CV Doc. 3, CR Doc. 110).* The Honorable Judith C. Herrera referred this matter to me in accordance with the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *CV Doc. 15.* The Court has reviewed the § 2255 Motion, the memoranda submitted by the parties and the relevant authorities. The Court heard oral arguments on November 2, 2016 with Attorney George Bach appearing for Defendant Armijo and AUSA Kimberly Brawley appearing for the United States.

     In its Response to the Motion, the Government asks that this matter be stayed until the United States Supreme Court hands down its decision in *Beckles v. United States*,

1

(S. Ct. No. 15-8544) as to: "(1) whether the holding in *Johnson v. United States* [135 S. Ct. 2551 (2015)] applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review in which the sentence was enhanced by the residual clause in § 4B1.2." *CV Doc. 6* at 11. The Supreme Court heard arguments in the *Beckles* case on November 28th, and a decision is expected before the summer recess in 2017. Clearly, the Court would be aided by such guidance given that these are the precise arguments raised here.

Recent Tenth Circuit unpublished decisions, however, persuade this Court that it must address the merits of a *Johnson* claim where the defendant "will effectively be denied his right to timely resolution of his § 2255 motion." *United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016), quoting *United States v. Miller*, No. 16-8080, slip op. at 7(10th Cir. Nov. 2, 2016) (unpublished) (issuing writ of mandamus and directing district court to vacate stay and address merits); *United States v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (unpublished) (same). Here, Defendant Armijo contends, and the Government does not appear to disagree, that if successful on the § 2255 motion, without the career offender guideline enhancement he could now be eligible for a time-served sentence (even if that result is unlikely given his extensive criminal history). *CV Doc.10* at 1. Thus, a *Beckles* stay could effectively deny Defendant his right to timely resolution of his § 2255 motion, and the merits of his motion must now be addressed.

The Clerk's Minutes of the November 2nd hearing reflect, however, that the parties should be given an opportunity to more fully develop their arguments as to whether any

predicate offense at issue would otherwise qualify as a crime of violence absent the residual clause of the career offender guideline.

Wherefore,

IT IS HEREBY ORDERED that the United States' request for a stay of proceedings until the Supreme Court decides *Beckles v. United States*, (S. Ct. No. 15-8544) is **denied.**

IT IS FURTHER ORDERED that the parties are to confer and submit a mutually agreed briefing schedule on the predicate offense issues.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE